IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CITY NATIONAL ROCHDALE FIXED INCOME OPPORTUNITIES (IRELAND) LIMITED, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 3:17-cv-2067-S (BT) |
| AMERICAN GENERAL LIFE INSURANCE COMPANY, | § § § § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Defendant American General Life Insurance Company ("Defendant" or "American General") has filed a Rule 12(b)(6) motion to dismiss (ECF No. 11). For the reasons stated, the Motion should be GRANTED.

## Background

This case arises from a billing dispute over a life insurance policy. Plaintiff City National Rochdale Fixed Income Opportunities (Ireland) Limited alleges that the Adele Mizrahi 2008 Family Trust (the "Trust") purchased Policy No. U10025508L (the "Policy"), insuring the life of Adele Mizrahi, in August 2008. Compl. 1, 3 ¶ 1 (ECF No. 1). In or around March 2011, the Trust sold the Policy to the Rochdale Alternative Total Return Fund, LLC (the "Fund"), which in turn sold the Policy to Plaintiff, on or about June 2014. *Id.* at 3 ¶ 2, & 4 ¶ 9.

1

According to Plaintiff, American General sold the Policy to the Trust, and the Trust and its successors-in-interest made premium payments to American General, but underwriters and insurance professionals at, or affiliated with, American International Group ("AIG") performed "some or all" of the underwriting and premium calculations for the Policy. *Id.* at 2 ¶ 2, & 4 ¶ 6. AIG allegedly miscalculated premiums due under the Policy from 2010 to 2013, resulting in overpayment by the Trust and its successors-in-interest. *Id.* at 5-6 ¶¶ 13-16.

Plaintiff filed this lawsuit to recoup the alleged overpayments based on AIG's miscalculations. Plaintiff's Complaint asserts a claim for a declaratory judgment of (1) the date to which premiums for the Policy have been fully paid, (2) the amount, if any, by which the premiums are overpaid, and (3) Defendant's obligation to refund any excess premium payments to Plaintiff. Plaintiff further asserts claims for breach of contract and money had and received.

Defendant moves for dismissal of Plaintiff's claims on multiple grounds, including that Defendant is not the real party in interest; Plaintiff's claims are contradicted by the plain terms of the Policy; and Plaintiff's claims are time-barred. Defendant further moves for dismissal of Plaintiff's claim for money had and received because that claim is predicated on the existence of an express contract between the parties. The issues have been fully briefed, and the Motion is ripe for determination.

**Legal Standards and Analysis**

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations must "'raise [the plaintiff's] right to relief above the speculative level,'" but they do not need to be detailed. *Lee v. Verizon Commc'ns, Inc.*, 837 F.3d 523, 533 (5th Cir. 2016) (citing *Rosenblatt v. United Way of Greater Houston*, 607 F.3d 413, 417 (5th Cir. 2010). When evaluating a Rule 12(b)(6) motion, the court's review is limited to the live complaint, any documents attached to that complaint, and any documents attached to the motion to dismiss that are "central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)).

<u>Collective Allegations</u>

Defendant contends that Plaintiff's Complaint is deficient because it relies on collective allegations against Defendant and AIG and fails to specifically identify conduct that gives rise to Defendant's alleged liability. The Court agrees.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The purpose of this requirement is to give the defendant fair notice of what the claim is and the grounds upon which it rests.

*Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Detailed factual allegations are not required, but the pleading must present more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A complaint that "lumps together" multiple defendants' conduct fails to satisfy the pleading requirements of Fed. R. Civ. P. 8(a)(2) and 12(b)(6). *See, e.g., Hinojosa v. Livingston*, 807 F.3d 657, 684 (5th Cir. 2015) (citing *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 n. 14 (11th Cir. 2015)).

Here, the Complaint alleges Plaintiff's predecessor-in-interest purchased the Policy from Defendant, Compl. 2 ¶ 2, & 3 ¶ 1; Plaintiff and its predecessors-in-interest paid Defendant premium payments under the Policy, *id.* at 3 ¶ 4, 5 ¶ 11, & 10 ¶ 33; and Plaintiff has a right to recover under the Policy from Defendant in the event of Adele Mizrahi's death. *Id.* at 3 ¶ 3, & 4-5 ¶ 10. However, the Complaint also alleges that AIG is "the real party in interest." *Id.* at 2 ¶ 2. Specifically, the Complaint states:

> Plaintiff is informed and believes, and based thereon alleges that some or all of the underwriting of and premium calculations for the Mizrahi Policy were performed by underwriters and other insurance professionals at or affiliated with [AIG], an insurance conglomerate of which [American General] is a wholly-owned subsidiary. Plaintiff is informed and believes, and based thereon alleges, that *the real party in interest in this litigation is AIG*, which sells life insurance products under various names, of which [American General] is one. Plaintiff is informed and believes, and based thereon alleges, that [American General] contracts with one or more AIG entities to perform underwriting of and

4

> premium calculations for life insurance products like the one [American General] sold to insure the life of Adele Mizrahi. In view of AIG's ownership of [American General] and its control over underwriting of and premium calculations for such products, and the fact that the life insurance professionals who underwrote and calculated premiums for the Mizrahi Policy were employed by or affiliated with AIG, *the defendant in this action is referred to in this Complaint as AIG wherever appropriate.*

*Id.* at 2 ¶ 2 (emphasis added).

The Complaint alleges that "AIG" miscalculated premium payments for the Policy, misrepresented the amount of premiums owed under the Policy, and refused to disclose how it actually calculated the payments due. *Id.* at 4 ¶ 6 ("All of these premium payments were calculated *solely by AIG*, by some method it has refused to disclose.") (emphasis added); *id.* at 4 ¶ 8 ("*AIG* has incorrectly calculated premiums[.]") (emphasis added); *id.* at 5 ¶ 13 ("*AIG* refused to disclose that it had incorrectly calculated premiums based on the faulty assumptions[.]") (emphasis added); *id.* at 6 ¶ 16 ("*AIG* has refused to disclose the method by which it calculated the premiums *AIG* demanded.") (emphasis added). The Complaint further alleges that "AIG" had a duty to properly calculate premiums owed under the Policy, and that "AIG" breached this duty by miscalculating the amount of premiums owed. *Id.* at 8-9 ¶ 23. These allegations are not sufficiently specific to identify what conduct, if any, Plaintiff attributes to Defendant, as opposed to AIG, or to both entities. The Complaint fails to provide any factual basis to determine

which entity acted improperly. As such, the Complaint fails to give Defendant fair notice of the allegations against it, as required by Fed. R. Civ. P. 8(a).

In some cases, multiple defendants' conduct may be lumped together if "the plaintiff's allegations elsewhere designate the nature of the defendants' relationship to a particular scheme and identify the defendants' role." *Bhatia v. Dischino*, 2011 WL 3820825, at *12 (N.D. Tex. Aug. 29, 2011) (Boyle, J.) (citing *Steiner v. Southmark Corp.*, 734 F. Supp. 269, 274 (N.D. Tex. 1990)). Here, however, Plaintiff's Complaint does not allege a particular scheme by Defendant and AIG—much less sufficiently describe the nature of both entities' role in any scheme. In its response to Defendant's Motion to Dismiss, Plaintiff attempts to clarify that Defendant "outsourced its underwriting to another AIG entity which has communicated directly with [Plaintiff] about underwriting issues." Pl.'s Resp. 5 (ECF No. 16). But, this clarification—which does not identify the other "AIG entity"—does not remedy the deficiency. Additionally, the fact that Defendant may be a wholly-owned subsidiary of AIG does not defeat their presumably separate corporate identities or the necessity of making separate allegations as to each entity. *See Bridas S.A.P.I.C. v. Gov't of Turkmenistan*, 447 F.3d 411, 416 (5th Cir. 2006) ("A bedrock principle of corporate law is that 'a parent corporation . . . is not liable' for actions taken by its subsidiaries.") (citing *United States v. Bestfoods*, 524 U.S. 51, 61 (1998)).

Plaintiff's response further shows how Defendant cannot rely on the Complaint to determine what allegations it must answer. For example, the response states:

> [Plaintiff] asked *American General* how premiums would be calculated given the Policy's continuation guarantee feature, which limits American General's right to increase the amount of premium owed to keep the Policy in force. Plaintiff alleges that *American General* ignored this request because it knew that it had misclassified the Policy as a policy lacking a continuation guarantee.

Pl.'s Resp. 8. (emphasis added, internal citations omitted). However, a review of the referenced portions of the Complaint reveal that the Complaint expressly alleges that Plaintiff asked "AIG" how premiums would be calculated, and "AIG" refused to respond. Compl. 4 ¶ 6, & 5 ¶¶ 12-13. Plaintiff further argues that the Complaint alleges, "AIG professionals, acting on American General's behalf, misclassified the Policy, miscalculated premium under the Policy, and misrepresented these errors in communications with [Plaintiff]." Pl.'s Resp. 11. But, this is not what the Complaint alleges at all, and Plaintiff cannot rely on assertions in its response to cure defects in its Complaint.

Plaintiff's use of collective allegations in the Complaint fails to satisfy the federal pleading standards, and, therefore, Plaintiff's claims should be dismissed without prejudice.

Limitations

Defendant further argues that Plaintiff's breach of contract claims are time-barred. Under Texas law, a four-year statute of limitations applies to breach of contract claims. Tex. Civ. Prac. & Rem. Code § 16.051. A cause of action for breach of contract generally accrues when the contract is breached. *Stine v. Stewart*, 80 S.W.3d 586, 591 (Tex. 2002) (citing *Smith v. Fairbanks, Morse & Co.*, 102 S.W. 908, 909 (1907)). Plaintiff alleges that AIG admitted in January 2017 that it had miscalculated the premium payments under the Policy from December 28, 2010 to April 11, 2013. Compl. 5-6 ¶¶ 14-15. Based on this admission, Plaintiff believes that AIG also miscalculated the premium payments both before and after the 2010-2013 period. However, since becoming the Policy owner in 2014, Plaintiff has paid the allegedly excessive premiums to prevent the Policy from lapsing. *Id.* at 6 ¶ 15. Plaintiff filed this civil action in August 2017. To the extent Plaintiff seeks to recover any alleged overpayment it paid, Plaintiff's claims are timely, and Defendant is not entitled to dismissal with prejudice of Plaintiff's breach of contract claims. To the extent the Complaint seeks to recover alleged overpayments by one of Plaintiff's predecessors-in-interest, Plaintiff appears to abandon those claims in its response. Pl.'s Resp. 12 ("[Plaintiff] alleges that it became the owner and beneficiary of the Policy in June 2014. . .. Accordingly, [Plaintiff's] claims against American General could not have accrued any early [sic] than June 2014.").

Money Had and Received

Finally, Defendant claims that Plaintiff's claim for money had and received must be dismissed because that claim is predicated on the existence of an express contract between the parties, namely the Policy. Under Texas law, "[t]he existence of an express contract forecloses equitable relief under a 'money had and received' theory." *Tex Star Motors, Inc. v. Regal Fin. Co.*, 401 S.W.3d 190, 202 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (citing *Fortune Prod. Co. v. Conoco, Inc.,* 52 S.W.3d 671, 684 (Tex. 2000) ("Generally speaking, when a valid, express contract covers the subject matter of the parties' dispute, there can be no recovery under a quasi-contract theory.")). Indeed, Plaintiff does not challenge the existence of an express contract between the parties; nor does it dispute that its claim for money had and received should be dismissed. Pl.'s Resp. 6-7 n.1. The parties disagree as to whether the claim should be dismissed with or without prejudice. However, because the subject matter of the dispute—the payments due under the Policy—is expressly governed by a contract, Plaintiff cannot plead a claim for money had and received as a matter of law. Therefore, the Court should dismiss with prejudice Plaintiff's claim for money had and received.

**Recommendation**

The Court should GRANT Defendant American General Life Insurance Company's Rule 12(b)(6) motion to dismiss (ECF No. 11). Plaintiff's claims for money had and received should be DISMISSED with prejudice. All of Plaintiff's

other claims should be DISMISSED without prejudice. The District Court should order Plaintiff to file a second amended complaint no later than 21 days after entry of an order accepting these Findings, Conclusions, and Recommendation. If Plaintiff fails to file a second amended complaint by the date established by the District Court, its claims should be dismissed with prejudice.

Dated: September 13, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The Court directs the United States District Clerk to serve on the parties a true copy of the Findings, Conclusions, and Recommendation of the United States Magistrate Judge. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these Findings, Conclusions, and Recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these Findings, Conclusions, and Recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the Findings, Conclusions, and Recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).